DENITA FLOYD, A MINOR, AND ANITA FLOYD, A MINOR, BY THEIR GUARDIAN AD LITEM, ROSA LEE FLOYD, AND ALVESTER FLOYD v. CHARLES R. JARRELL

No. 7318SC386

(Filed 13 June 1973)

**Landlord and Tenant § 8— violation of municipal housing code — liability of lessor for injury to lessee**

Violation of a city ordinance requiring defendant to keep his apartment building in sound condition and good repair did not constitute negligence *per se;* therefore, in an action for injuries and medical expenses resulting when plaintiffs were bitten by rats in an apartment rented from defendant, the trial court properly entered a directed verdict for defendant since plaintiffs failed to show actionable negligence on the part of defendant in not keeping his apartments substantially rodent-proof.

Floyd v. Jarrell

APPEAL by plaintiffs from *Crissman, Judge,* 27 November 1972 Regular Civil Session, High Point Division of GUILFORD Superior Court.

The allegations of plaintiffs' complaint, as amended, are summarized in pertinent part as follows:

Plaintiffs Denita and Anita Floyd are the twin daughters of plaintiff Alvester Floyd and his wife, having been born in High Point, N. C., on 23 April 1969. At all times pertinent to this action, defendant was the "owner and landlord" of a two-story, four-apartment frame dwelling located at 1307 West Avenue in High Point. Prior to the birth of Denita and Anita, defendant rented one of the apartments to their parents who continued to reside there following their birth. At approximately 4:00 a.m. on 11 June 1969, while they slept in their crib in the apartment rented by their parents from defendant, plaintiffs Denita and Anita were bitten about their legs and feet by a rat or rats, necessitating hospitalization and extensive medical treatment for their injuries.

Injuries to the infant plaintiffs were proximately caused by the negligence of defendant in that: (a) Defendant let the dwelling unit occupied by said infants to their parents when the exterior walls, foundation, interior floors, interior walls, ceilings, windows and exterior doors were not substantially rodent-proof, and defendant failed to maintain said structures in sound condition and good repair, and did negligently maintain the same in violation of ordinances of the City of High Point and statutes of the State of North Carolina; (b) Defendant failed to adequately screen openings in the crawl area or basement area of said dwelling unit, or to otherwise prevent the entrance of insects and rodents, all of which allowed said unit to become rat infested, in violation of ordinances of the City of High Point and the general law of the State of North Carolina; (c) Defendant was negligent in attempting to exterminate, and failed to exterminate, rats which infested said apartment house and premises, in violation of ordinances of the City of High Point and the general law of the State of North Carolina.

The infant plaintiffs demanded judgment in amounts of $100,000 and $12,500 to compensate for their injuries and the male plaintiff demanded judgment for medical expenses incurred and to be incurred by him on behalf of said infants.

At trial plaintiffs presented evidence in support of their allegations and, among other witnesses, called defendant. The undisputed evidence tended to show that the male plaintiff rented the apartment in question from defendant on 20 October 1967 and that plaintiffs occupied one of the first floor apartments, there being two apartments on the first floor and two on the second floor. The male plaintiff had seen rats in the apartment for some time prior to 11 June 1969.

At the conclusion of plaintiffs' evidence, defendant moved for directed verdict pursuant to G.S. 1A-1, Rule 50, on grounds that (1) plaintiffs had failed to show actionable negligence on the part of defendant and (2) the evidence showed contributory negligence on the part of the male plaintiff.

The court allowed the motion for directed verdict and from judgment denying them any recovery, plaintiffs appealed.

*Schoch, Schoch, Schoch and Schoch by Arch Schoch, Jr., for plaintiff appellants.*

*Henson, Donahue & Elrod by Perry C. Henson and Joseph E. Elrod, III, for defendant appellee.*

BRITT, Judge.

Did the trial court err in allowing defendant's motion for directed verdict? We answer in the negative.

In 5 Strong, N. C. Index 2d, Landlord and Tenant, § 8, pp. 162-163, we find:

"The lessor is not ordinarily liable to a tenant, or the tenant's sublessee, family, servants, or guests, for personal injuries resulting from disrepair, or patent defects, even when the lessor is under a contractual obligation in his lease to keep the premises in repair, or even if the dangerous condition had been brought to the lessor's attention and he had agreed to repair the same, or the lessor had assumed the duty of making repairs. The doctrine of caveat emptor ordinarily applies, and the lessor is not liable unless the lessee shows that there was a latent defect known to the lessor, or of which he should have known, and that the lessee was unaware of, or could not by the exercise of ordinary diligence discover, the defect, the concealment of which would be an act of bad faith on the part of the lessor."

Floyd v. Jarrell

In their brief plaintiffs concede that the general rule in this jurisdiction is accurately stated by Strong. However, they contend that the instant case falls within the exception to the rule "that failure to comply with a duty imposed by statute or code dealing with the care of premises constitutes actionable negligence on the part of a landlord, rendering him liable for personable injuries resulting to a tenant thereby." Plaintiffs contend that in the care and maintenance of the premises rented to the male plaintiff and the adjoining premises owned by defendant, defendant did not comply with certain ordinances enacted by the City of High Point.

While the facts in *Clarke v. Kerchner*, 11 N.C. App. 454, 181 S.E. 2d 787 (1971), cert. den. 279 N.C. 393, 183 S.E. 2d 241 (1971), were different from those in the instant case, we think the principles of law are sufficiently similar for our decision in that case to control here. In *Clarke,* plaintiff was a guest of the lessee of a house owned by defendants Kerchner and fell and received injuries when a horizontal rail on the back porch gave way; plaintiff contended that a violation of the Greensboro Housing Code was negligence *per se,* and that a showing of violation entitled plaintiff to go to the jury on the question of proximate cause. In a well reasoned opinion by Judge Vaughn, concurred in by Chief Judge Mallard and Judge Parker, this court rejected plaintiff Clarke's contention, holding that although the violation of a city ordinance is a misdemeanor, the ordinance in question was remedial rather than penal in nature. Plaintiffs' argument in the case at bar that there are sufficient differences between the High Point ordinances and the Greensboro Housing Code to justify a different ruling is unconvincing.

We hold that the trial court, for failure of plaintiffs to show actionable negligence on the part of defendant, did not err in allowing defendant's motion for directed verdict.

The judgment appealed from is

Affirmed.

Judges CAMPBELL and BALEY concur.